**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Iztok Plevnik,

               Plaintiff,

      v.

James Billington, Todd Brown, Michael
Keilty, Eugene Sullivan, Eugene Sullivan II,

           Defendants.

Case. No. 1: 23-00837-CRC

**PLAINTIFF'S MOTION TO ENTER FINAL DISMISSAL JUDGMENTS AGAINST FEDERAL DEFENDANTS BILLINGTON, BROWN, AND KEILTY UNDER RULE 54 (B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Iztok Plevnik, through his undersigned attorney, respectfully moves this Court, under Rule 54 (b) of the Federal Rules of Civil Procedure, to direct entry of final judgments against federal defendants James Billington, Todd Brown, and Michael Keilty pursuant to this Court's Memorandum and Opinion filed on November 3, 2023 (hereinafter "MO"), dismissing them from the case under the Westfall Act, 28 U.S.C. 2679 (d) (1). This Court should expressly determine "that there is no just reason for delay."

The MO definitively dismissed the Complaint against the federal defendants under the Westfall Act. MO p.11.  They and the United States have been dismissed from the case. Id. The dismissal judgments against less than all the parties are candidates for a Rule 54 (b) motion to direct entry of final judgments against them if, in the Court's discretion, it expressly finds "no just reason for delay."

Courts of appeal have generally identified a laundry list of relevant factors:  (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need

for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. See *Allis-Chalmers Corp. v. Phila. Elec. Co*., 521 F. 2d 360, 364 (3rd Cir. 1975).

Plaintiff submits that the arguments justifying a finding of no just reason for delay are convincing. The MO pivoted on an interpretation and application of the Westfall Act completely divorced from the common law fraud claims outstanding between the remaining private defendants.  There is no legal overlap.  An appellate court's review of the MO would not be assisted by this Court's ultimate resolution of Plaintiff's common law fraud claims against the private defendants.

Moreover, the MO arguably stumbled in concluding that Plaintiff failed to establish that the federal defendants were not motivated—even in part--to serve their employer, the United States, in allegedly obstructing Plaintiff from repatriating billions of dollars to the United States Treasury.  MO pp. 9-10.  Plaintiff respectfully submits that it is logically impossible for the federal defendants' allegedly wrongful conduct motivated to prevent the United States Treasury from receiving billions of dollars to have simultaneously been motivated—even in part-- to *benefit* the United States notwithstanding the staggering financial loss to the United States with no articulable offsetting potential benefit for losing billions of dollars.  F. Scott Fitzerald to the contrary (1936 "Esquire," essay "The Crack-Up"), it is not possible to hold two opposite ideas in the mind at the same time and yet retain the ability to function.

Suppose no final judgments are entered now for appellate review. The case proceeds to trial against the private defendants and final judgments are entered in favor of Plaintiff. If an appeal were then taken to review the MO's dismissal of the federal defendants and to prevail, on remand to this Court there would be a virtual replay of the earlier trial against the private defendants. Scare judicial resources would have been squandered which might have been avoided by an immediate appeal of the MO.

On the other hand, Plaintiff recognizes that if this Court ultimately dismisses Plaintiff's common law fraud claims against the private defendants, a single appeal from final judgments in favor of all defendants will dispose of all of Plaintiff's claims and conserve judicial resources. That potential militates against Plaintiff's Rule 54 (b) motion.

Perhaps the most prudent course would be for this Court to await its rulings on the motions to dismiss filed by the private defendants before ruling on Plaintiff's Rule 54 (b) motion.

Counsel for the federal defendants opposes Plaintiff's motion. Pro se Defendant Eugene Sullivan has not responded to Plaintiff inquiry as to his position on Plaintiff's motion.

Respectfully submitted,

/s/Bruce Fein
Law Offices of Bruce Fein
300 New Jersey Avenue NW, Suite 900
Washington, DC 20001
202-465-8728
bruce@feinpoints.com

CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing has been made on November 8, 2023, to all parties of record through this Court's CM/ECF system.

/s/Bruce Fein

Bruce Fein